UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Number: |
| | : | |
| v. | : | |
| | : | |
| | : | VIOLATION:  18 U.S.C. § 371 |
| **MARIA TEVES-UPSHUR,** | : | (Conspiracy) |
| | : | |
| | : | |
| **Defendant.** | : | |

## INFORMATION

The United States Attorney informs the Court that:

**COUNT ONE**
**(Conspiracy)**

At all times material to this Information:

1.  The defendant Maria Teves-Upshur was a full-time secretary for the Department of Nursing at the Hospital.  As Unit Secretary for the Department of Nursing, she was responsible for submitting the time and attendance cards of all nurses employed by the Hospital in order for them to be paid.  Among her duties, the defendant verified that nurses in fact worked their shifts; approved their time cards; and recorded the time and attendance information for staff nurses into the University computer system.  Upon calculation by the computer system of the nurses' hours and rate, it was the defendant's responsibility to hand-deliver this printout to the Accounts Payable Department of the Hospital, which would then issue the nurses' paychecks.  In addition, the defendant was responsible for verifying the number of hours temporary, or "per diem," nurses worked at the Hospital.  The defendant would input the information as well in order to verify

invoices for payment to the nursing agencies who supplied temporary nurses. At all times relevant to this offense, the defendant reported, either directly or indirectly, to the Director of Nursing.

2. Manuel R. Lagmay ("Lagmay"), was the president, chief executive officer, director, and shareholder of International Health Care Services, Inc. ("IHSI"), otherwise known as HealthForce One. Prior to in or about September 2004, IHSI maintained its principal place of business at 1108 K Street, N.W., Washington, D.C. IHSI was a health care agency supplying temporary nurses to hospitals in and around the District of Columbia and elsewhere, and a recruiting service for hospitals seeking to find qualified nurses overseas to ease the nursing shortage in the area.

3. Howard University was a preeminent, historically black university, established by an act of the United States Congress in 1867. The University operated a hospital within the District of Columbia, known as Howard University Hospital ("Hospital"). The Hospital participated in federal healthcare programs, including Medicare (a medical insurance program that provided health insurance for persons over the age of 65, as well as certain persons with disabilities over the age of 65, without regard to financial means or income) and Medicaid (a medical insurance program that provided health insurance for certain persons with low incomes and limited resources). In addition, the Hospital received a percentage of its annual operating income from direct federal appropriation, and approximately 30 percent of payment for contract labor came from federal monies.

The Conspiracy

4. Beginning in or about July 2000 and continuing through in or about December 2003, in the District of Columbia and elsewhere, defendant Maria Teves-Upshur did knowingly combine, conspire, confederate, and agree together with others known and unknown to commit health care fraud, by devising a scheme and artifice to defraud the Hospital and to obtain its money and property

by means of materially false and fraudulent pretenses, representations, and promises, in connection with the delivery of or payment of health care benefits, items, or services, in violation of Title 18, United States Code, Section 1347.

## Purpose of the Conspiracy

5. It was the purpose of the conspiracy for the defendant and Lagmay to enrich themselves at the Hospital's expense and to hide and cover up the conspiracy, its objects, and the actions taken in furtherance of it.

## Manner and Means of the Conspiracy

6. It was a part of the conspiracy that the defendant and Lagmay used the defendant's employment with the Hospital to assist Lagmay and IHSI in obtaining a contract with the Hospital to provide temporary nursing staff.

7. It was a further part of the conspiracy that the defendant received kickbacks from IHSI in exchange for her assistance in obtaining the service contract with the Hospital.

8. It was a further part of the conspiracy that Lagmay submitted invoices to the Hospital seeking payment for the services of temporary nurses who, as he well knew, had never in fact worked the claimed shifts.

9. It was a further part of the conspiracy that the defendant processed the fraudulent invoices, and submitted them to her supervisor for payment, claiming they had been verified for accuracy when she knew them to be fraudulent.

10. It was a further part of the conspiracy that the defendant received payment from IHSI for her processing of the fraudulent invoices.

11. It was a further part of the conspiracy that IHSI falsely characterized as "loan payments" some of the payments made to the defendant for her processing of the fraudulent invoices.

### Overt Acts

12. In furtherance of the conspiracy and to accomplish the objects thereof, between in or about July 2000 and in or about December 2003, the defendant, aided and abetted by her co-conspirators known and unknown, did commit the following overt acts, among others, in the District of Columbia:

a. On or about May 13, 2002, the defendant received and negotiated an IHSI check made payable to her in the amount of $1,070 for shifts worked by IHSI temporary nurses at the Hospital.

b. On or about May 29, 2003, the defendant processed invoice HUR 0141 in the amount of $17,333.84, for payment by the Hospital for services of temporary nurses who in fact did not work the claimed shifts.

c. On or about June 19, 2003, Lagmay deposited or caused to be deposited a Hospital check to IHSI in the amount of $35,647.08, which included payment of invoice HUR 0141.

d. On or about June 16, 2003, the defendant received and negotiated two IHSI checks made payable to her in an amount totaling $14, 260.00, wherein the memo line on each check falsely stated "loan payment."

**(Conspiracy, in violation of Title 18, United States Code, Section 371)**

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney

By: _____
        JEANNIE RHEE
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 Fourth Street, N.W., Room 5255
        Washington, DC 20530
        (202) 514-9832