

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 6, 2006   CR No. 06-17

Gary Sidell, Esq.
By HAND

**FILED**

FEB 0 9 2006

Re:    Maria Teves-Upshur

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Mr. Sidell:

This letter sets forth the revised full and complete plea offer to your client, Maria Teves-Upshur. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on December 16, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

### Charges

Ms. Teves-Upshur agrees to waive Indictment and to plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 371 (Conspiracy to Commit Health Care Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Teves-Upshur and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Teves-Upshur agrees that the attached "Statement of the Offense" fairly and accurately describes her actions and involvement in the conspiracy to defraud Howard University Hospital. It is anticipated that during the Rule 11 plea hearing, Ms. Teves-Upshur will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Potential penalties, assessments, and restitution

Ms. Teves-Upshur understands that the maximum sentence that can be imposed is 5 years imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a five-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Teves-Upshur understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines" or

"U.S.S.G."). Ms. Teves-Upshur understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Teves-Upshur further understands that if the Court imposes a sentence which is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

### Federal Sentencing Guidelines

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

§ 2B1.1. Larceny, Embezzlement and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery

(a) Base Offense Level                                                6

(b) Specific Offense Characteristics
    (1) (D) Loss More than $200,000                              12

TOTAL                                                                      18

§ 3E1.1 Acceptance of Responsibility

Assuming the Defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a), U.S.S.G. Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because the Defendant gave timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 15.

The parties further agree that a sentence within the applicable Guidelines range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the applicable Guidelines Range and suggest that the Court consider a sentence outside of the applicable Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for

obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should the Defendant move to withdraw her guilty plea once it is entered, or should it be determined that the Defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this agreement.

### Court Not Bound by the Plea Agreement

It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guideline range. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the applicable Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon the Defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The Defendant acknowledges that her entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence the Defendant will receive. Moreover, it is understood that the Defendant will have no right to withdraw her plea of guilty should the Court impose a sentence outside the Guidelines range.

### Financial Arrangements

Ms. Teves-Upshur agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013; she also agrees to pay restitution. Ms. Teves-Upshur also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

### Cooperation

Ms. Teves-Upshur agrees to cooperate with the government on the following terms and conditions:

a. Ms. Teves-Upshur shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Ms. Teves-Upshur acknowledges that

her cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

b. Ms. Teves-Upshur shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Ms. Teves-Upshur further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime.

c. Ms. Teves-Upshur shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which her testimony may be deemed relevant by the government.

d. Ms. Teves-Upshur shall not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e. Ms. Teves-Upshur agrees not to disclose to any person or entity the fact of or details regarding her cooperation with law enforcement authorities.

f. Ms. Teves-Upshur understands and acknowledges that nothing in this agreement allows her to commit any criminal violation of local, state, or federal law during the period of her cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of her cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Ms. Teves-Upshur acknowledges and agrees that such a breach of this agreement will not entitle her to move to withdraw her plea of guilty. Ms. Teves-Upshur further understands that, to establish a breach of this agreement, the government need only prove her commission of a criminal offense by a preponderance of the evidence.

### Government Concessions

In exchange for her guilty plea, the government agrees not to oppose Ms. Teves-Upshur's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose her request for a sentence at the lower end of the Sentencing Guidelines, and agrees not to oppose Ms. Teves-Upshur's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Teves-Upshur continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United

States will not bring any additional criminal charges against Ms. Teves-Upshur in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offense(s) outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Teves-Upshur does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Teves-Upshur.

### **Departure Committee**

At the time of Ms. Teves-Upshur's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Teves-Upshur to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Teves-Upshur to the government. If the Departure Committee determines that Ms. Teves-Upshur has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Ms. Teves-Upshur understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Teves-Upshur further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

### **Reservation of Allocution**

The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Teves-Upshur's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

### **Use of Certain Information**

The United States and Ms. Teves-Upshur hereby agree that since Ms. Teves-Upshur has agreed to cooperate with the United States, information provided by Ms. Teves-Upshur shall not be held against her for purposes of calculating her sentence (see Sentencing Guidelines Section 1B1.8), and will not otherwise be used against her, except as follows:

5

a. information that was known to the United States prior to the date this plea agreement was agreed to by Ms. Teves-Upshur may be used directly and indirectly against Ms. Teves-Upshur in any criminal proceeding;

b. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by Ms. Teves-Upshur as part of her cooperation may be used directly and indirectly against her; and

c. if there is a breach of this agreement by Ms. Teves-Upshur, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use any information provided by Ms. Teves-Upshur directly and indirectly at any subsequent proceeding.

**Breach of Agreement**

Ms. Teves-Upshur agrees that if she fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Teves-Upshur should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Teves-Upshur's release (for example, should Ms. Teves-Upshur commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Teves-Upshur's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Teves-Upshur will not have the right to move to withdraw the guilty plea; (c) Ms. Teves-Upshur shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Teves-Upshur, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Teves-Upshur has breached this agreement, and if Ms. Teves-Upshur so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

**Presence of Counsel**

At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Teves-Upshur shall be entitled to the presence, advice, and assistance of counsel, unless waived.

**USAO-DC's Criminal Division Bound**

Ms. Teves-Upshur understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Teves-Upshur.

**Complete Agreement**

No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Teves-Upshur, Ms. Teves-Upshur's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Teves-Upshur may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Teves-Upshur and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Jeannie S. Rhee
Assistant United States Attorney

Enclosures