UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 06-0017-01 (GK) |
| | : |
| MARIA TEVES-UPSHUR | : |
| | : |
| Defendant | : |

**GOVERNMENT'S MOTION FOR SECTION 5K1.1 DOWNWARD
DEPARTURE AND MEMORANDUM IN AID OF SENTENCING**

The United States of America ("the Government"), by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this motion for downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G.") section 5K1.1 and its memorandum in aid of sentencing. The Pre-sentence Report ("PSR") correctly calculates defendant's offense level under the U.S.S.G. at offense level 15. For the reasons set forth herein, the Government submits that the defendant's substantial assistance to law enforcement in this investigation merits a two level downward departure.

**I. Factual Background**

The defendant accepted responsibility for her actions, provided evidence leading to the conviction of a co-conspirator and entered a pre-indictment plea to conspiracy to commit health care fraud. The following is a summary of the facts:

Between July, 2000 and December, 2003, the defendant worked as a full time secretary for the Department of Nursing at Howard University Hospital. She reported to the Director of Nursing. As the "unit secretary" for the Department, the defendant was responsible for submitting time and attendance cards for all nurses employed by Howard University Hospital.

Her responsibilities included verifying that nurses worked the shifts they reported time for, approving nurse time cards, and inputting time and attendance information for staff nurses into the computer system. When the computer system calculated the number of hours worked and rate for each nurse, the defendant was responsible for hand-delivering a computer printout of this information to the Accounts Payable Department, which then issued paychecks to the nurses based on this information.

The defendant was also responsible for verifying the number of hours which temporary, or "per diem" nurses, worked at the hospital. She input this information into the computer system in order to verify invoices for payment to nursing agencies which supplied temporary nurses to the Hospital.

The defendant pled guilty to a conspiracy to commit health care fraud in several ways between July, 2000 and December, 2003. She admitted to conspiring with co-conspirator Manuel R. Lagmay, the CEO of a nursing agency, to commit several acts of fraud and to committing some acts of fraud on her own.

First, while serving as the "unit secretary" for the Nursing Department, the defendant received kickbacks from Mr. Lagmay's nursing agency, International Health Care Services, Inc. ("IHSI), for assisting IHSI in obtaining a contract to supply Howard University Hospital with temporary nurses. IHSI was headed by Mr. Lagmay, the defendant's co-conspirator, who pled guilty to the same offense and has already been sentenced.

Second, in or about July 2000, co-conspirator Lagmay gave the defendant, and she accepted, a $3,000 to $5,000 payment to arrange a meeting for Lagmay with the Director of Nursing, the defendant's supervisor.

Third, Mr. Lagmay offered, and the defendant accepted, a kickback of an additional $5 for every shift an IHSI nurse worked at the hospital if the defendant assisted in the procurement of a contract, which she did. She arranged a meeting with her supervisor, encouraged the supervisor to consider IHSI and IHSI got a nursing contract. She received additional payments from IHSI for helping obtain the contract after that.

Fourth, the defendant submitted fraudulent invoices for payment of IHSI nurses at the hospital at the behest of Mr. Lagmay.

Finally, on her own accord, the defendant submitted fraudulent time and attendance cards on behalf of nurses at the hospital for shifts they never worked and collected the money for herself.

**II. Argument**

The Government moves for a two level downward departure under U.S.S.G. section 5K1.1. for defendant Teves-Upshur. The Government makes this request for the following reasons:

(1)     The defendant, provided substantial assistance to the Government during its investigation and prosecution of her coconspirator, Manuel Lagmay. She detailed the kick-back arrangement between her and IHSI, including the approximate amount of kickbacks and the promise of $5 for each shift an IHSI nurse worked at the hospital. She likewise detailed, without

prompting, the subsequent false invoice arrangement between her and IHSI, wherein IHSI submitted (and she processed) fraudulent invoices for work never performed. The defendant's voluntary assistance in this regard allowed the Government to quickly identify the details of the fraud, which would have been a difficult and time consuming task without the defendant's assistance.

(2)    The defendant's assistance in detailing the method and amounts of the fraud she committed while working at Howard University Hospital allowed the Hospital to conduct a focused internal audit which spotted the holes in its time and attendance system and to plug the holes and institute new procedures.

(3)    The defendant's disclosures involving the conduct of her co-conspirator, Mr. Lagmay, resulted in a prompt plea by Lagmay and his voluntary disbarment from participation in federal health care programs. Mr. Lagmay, the CEO and principal of IHSI, received a 24 month sentence as a result of the defendant's cooperation.

**III.  Restitution**

The Court should order defendant Teves-Upshur to pay $120,645 in total restitution which is the amount of loss to Howard University Hospital directly attributable to her submission of fraudulent time cards.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR # 451058

By: _____
JAMES G. FLOOD (D.C. Bar #945435)

>Assistant United States Attorney
>for the District of Columbia
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>Phone: (202) 514-7131

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served by ECF filing upon the following counsel of record on the 5th of June, 2006:

>Gary M. Sidell, Esq.
>1101 Connecticut Avenue, N.W.
>Suite 100
>Washington, D.C.

_____
JAMES G. FLOOD
ASSISTANT U.S. ATTORNEY

-5-