UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 06-CR-17(GK) |
| | : | |
| MARIA TEVES-UPSHUR | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCE

Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, defendant Maria Teves-Upshur, by her attorney, Gary M. Sidell, hereby submits her memorandum in support of sentence. Ms. Upshur is currently scheduled to be sentenced on Monday, June 12, 2006, at 4:15 p.m. At her sentencing, Ms. Upshur expects to request that this Honorable Court impose, as its sentence, a term of not more than 364 days on the sole count involved in this case. This memorandum will present Ms. Upshur's bases for that request.

1. In October, 2004, Ms. Upshur contacted the United States Attorney about her involvement in these events, as well as the involvement of Mr. Manuel Lagmay. Mr. Lagmay, as a direct result of information provided by Ms. Upshur, entered a guilty plea on January 17, 2006, in connection with these events and has already been sentenced to a term of 24 months on March 29, 2006. See, United States v. Manuel Lagmay, 06-002 (GK).

2. On February 9, 2006, Ms. Upshur entered her guilty plea to one count of conspiracy, 18 U.S.C. § 371, for her involvement with Mr. Lagmay in defrauding Howard University Hospital ("HUH") of federal health funds. Ms. Upshur was in a position at HUH, as the unit

secretary for the Department of Nursing, to facilitate Mr. Lagmay's plan to, first, acquire a contract for the provision of staff nurses to HUH and, second, inflate the hours worked either by real or fictitious personnel, at the hospital. In return for Ms. Upshur's assistance, Mr. Lagmay provided payments to her over the duration of these events. Moreover, Mr. Lagmay determined that Ms. Upshur would receive 40% of the proceeds while he would retain 60%. See, United States v. Manuel Lagmay, CR-06-002 (GK), Docket #3, Statement of Offense @ 4; Docket #13, Government's Memorandum in Aid of Sentencing, @ 2 and 6 (In his objections to his PSI report, Mr. Lagmay contended that Ms. Upshur was the principle actor in these events, ***approaching him*** in the first instance while not disputing his retention of 60% of the total proceeds.)

    3. As this Honorable Court is well aware, the imposition of a criminal sentence must consider a variety of factors, detailed in 18 U.S.C. §3553, in order to fulfill the following four (4) traditional objectives:

        (A) imposition of just punishment for committing the offense;

        (B) provision of deterrence to criminal conduct;

        (C) protection of the public from further crimes by the defendant; and

        (D) provision of needed educational or vocational training, medical care or other corrective treatment to the defendant. 18 U.S.C. §3553(a) (2).

    4. In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offense, as well as the characteristics of the defendant must be evaluated. Ms. Upshur submits that of particular note in this case are two (2) principal considerations: first, the avoidance of unwarranted sentence disparities among defendants with similar records found guilty of similar conduct, 18 U.S.C. §3553(a)(6); (b)(1), and, second, the

loss of caretaking or financial support to a defendant's family substantially exceeds the harm ordinarily expected with a term of incarceration.  USSG §5H1.6, Family Ties and Responsibilities (Policy Statement), Application note: 1.(B)(i)- (iv)(2005).  Sentencing Commission policy statements are one of the various factors required to be considered in imposition of individual sentences.  See, 18 U.S.C. §3553 (a)(5)(A).

    5.  While the Sentencing Guidelines are no longer mandatory, they do provide guidance for imposition of criminal sentences, United States v. Booker, ___U.S.____, 125 S. Ct. 738, 749-750(2005), so there is some uniformity between defendants and different jurisdictions with the sentence imposed for a given offense.  Indeed, Ms. Upshur's written plea agreement notifies her that ". . . the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission. . . ."  See, plea agreement correspondence @ 1.  More importantly, Ms. Upshur's plea agreement expressly states that ". . . either party may seek a sentence outside of the applicable Guidelines Range and suggest that the Court consider a sentence outside of the applicable Guidelines Range, based upon . . . [the 3553(a) factors]."  See, plea agreement @ 2, emphasis added.

    6.  As reflected in the Presentence Investigation Report, Ms. Upshur has been classified in the lowest possible Criminal History category (I) in the Sentencing Guidelines.  Moreover, the offense level for Ms. Upshur, after the subtraction for his acceptance of responsibility, and with her provision of "substantial assistance" to the prosecution concerning Mr. Lagmay, is 13, with a resulting guideline range of 12 to 18 months in custody for this class D felony.  Ms. Upshur does not dispute the accuracy of the calculations resulting in this Sentencing Guideline range.  PSI @ page 7, ¶ 35.

7.  As a result of his plea in this case, co-defendant Manuel Lagmay was sentenced to a term of 24 months in custody, as well as other restrictions, despite his request for a sentence below that borderline guideline figure and despite the recommendation by the prosecution for a sentence at ". . . the lower end of the guidelines range of 24 to 30 months. . . ." Government Memorandum in aid of Sentencing @ 7.

8.  Ms. Upshur submits that an appropriate sentence for her misconduct in this case would be one of slightly less than ten (10) months in custody, if a custodial sentence is warranted. This figure results from consideration of that sentence imposed on Mr. Lagmay (24 months) and his majority role in this case, as represented by his retention of 60% of the proceeds to 40% for Ms. Upshur. In other words, 40% of the 24 month sentence imposed on Mr. Lagmay results in slightly less time than ten (10) months. As such, we submit that any custodial sentence of approximately ten (10) months duration for Ms. Upshur would be comparable to that 24 month sentence imposed on Mr. Lagmay. Additionally, since Ms. Upshur will be exposed to potential deportation to her native Philippines as a result of this case, there is the possibility that she may be able to avoid deportation in the event that she receives any custodial sentence of less than one (1) year. Counsel has been in contact with Ms. Upshur's prior attorney for immigration purposes, Irena Karpinski, Esq., concerning the likelihood of remaining in this country. It is counsel's understanding that, if a custodial sentence of less than one (1) year is imposed, even by as little as one (1) day, i.e., 364 day sentence, Ms. Upshur may fare much better in her efforts to remain in this country, with her minor daughter, than if any custodial sentence of one (1) year or more is imposed. See, i.e., 8 U.S.C. § 1101(a)(43)(G): "a theft offense . . . for which the term of imprisonment [is] <u>at least one year</u>." Even in the event that Ms. Upshur receives such a sentence, there is certainly no guarantee that she will still not be deported. However, she will be in a

4

position to urge the Department of Homeland Security to consider the interests of her minor daughter who, as one born here, is a citizen herself.[1]

8. In further support of her request for a modest custodial sentence, Ms. Upshur informs the Court that she is the sole source of support for her daughter. In the event that Ms. Upshur receives a custodial sentence, she will receive no income of consequence with which to support her daughter. As such, Ms. Upshur submits that a downward departure from the recommended prison sentence contained in the Sentencing Guidelines of 12 to 18 months to our proposal will satisfy the four (4) requirements delineated for his loss of caretaking or financial support. See, USSG § 5H1.6, Application Note 1. (B)(i)-(iv)(2005).

9. Finally, a downward departure to that which we propose would be consistent with the more severe sentence to which Ms. Upshur, as a deportable alien, will be subjected. Because of her status, Ms. Upshur will be ineligible for the benefits the Bureau of Prisons would otherwise provide to a U.S. citizen, or non-deportable alien. 18 U.S.C. § 3624(c). For instance, Ms. Upshur will be ineligible for any home confinement immediately prior to the conclusion of her incarceration, for assignment to any community corrections center or to a minimum security prison, since all require those facilities to be located in the United States. As the Court knows, Ms. Upshur is currently, and has been for the past nine (9) years, residing in Oxon Hill, Maryland, with a friend. Recently, she and her daughter have been staying at this address as an accommodation by her friend since she cannot afford even her current rent. PSI Report @ 2, 9, ¶ 43. The purpose, of course, is to ease the reentry into the defendant's United States' community toward the end of her sentence. See, United States v. Smith, 307 U.S. App. D.C. 199, ___, 27

---

[1] Ms. Upshur's minor daughter, 13 years old and completing the seventh grade, lives with her and has since her separation from her daughter's father many years ago. The father has occasional visitation, lives in Las Vegas, and provides no financial child support. There is, apparently, no other family in this country who would be in a position to care for Ms. Upshur's daughter if she were deported.

5

F.3d 649, 650-652 and fn2 (D.C. Cir. 1994).  Certainly, if it was appropriate to consider a downward departure to avoid the adverse consequences of imposing a sentence on Mr. Smith, as a deportable alien, with a conviction for possession with intent to distribute more than five (5) grams of cocaine base, an offense that, it is submitted, has a much more wide-ranging and immediate adverse consequence to the public than this case, it is at least as appropriate to consider Ms. Upshur's downward departure sentencing proposal here.  Moreover, <u>Smith</u>, <u>supra</u>, was a pre-<u>Booker</u> decision when the Sentencing Guidelines were mandatory, unlike their current status as simply advisory.

      10.   When considering the proposed sentence for Ms. Upshur with the four (4) considerations noted above in paragraph 3, we submit that a sentence of something less than one (1) year, perhaps even including a period of home detention should Ms. Upshur obtain stable and affordable housing, will clearly provide adequate punishment to Ms. Upshur, while similarly informing her of the serious wrongfulness of her misconduct here.  Hence, prospective protection of the public and deterrence of future crime by Ms. Upshur would seem to be satisfied.  Indeed, Ms. Upshur, as a result of this conviction, is subject to the more severe penalty of potential deportation from this country and a ban from re-entry.  See, 8 U.S.C. § 1326.  Moreover, as a direct consequence of this conviction, should Ms. Upshur be deported, she will be barred from legal entry into this country for many years.   8 U.S.C. § 1182(a)(2)(B)(potential permanent bar to readmission); 8 U.S.C. § (a)(9)(A)(i), (ii)(minimum of  ten (10) years before reentry permitted, if not permanent ban for conviction of "aggravated felony," as defined by Immigration Act).   The final considerations of provision of educational, medical or other treatment or training to Ms. Upshur would appear to be less important based upon her prior

educational and employment experience than for one who does not have a high school diploma or long term employment skills.

Based on the foregoing, in addition to any further information provided at the June 12, 2006 sentencing hearing, Ms. Upshur urges this Honorable Court to impose as its sentence any imprisonment of less than one (1) year and no more than nine and one-half months, the time period comparable to the sentence imposed upon Mr. Lagmay, as a downward departure based upon (1) a comparison with his twenty-four (24) months sentence, the loss of Ms.Upshur's caretaking and financial support to her daughter from incarceration and (3) the deprivation of eligibility to complete any sentence of incarceration in a less restrictive setting such as a community corrections center, home detention or the like due to her potential deportable alien status.

        Respectfully submitted,

_____\\s\\_____
Gary M. Sidell
1101 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
D.C. Bar No. 961847
202-783-0060
Email: suitcase@erols.com
Attorney for defendant

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused this pleading to be filed electronically by ECF to all parties to this case this 5th day of June, 2006.

                                                 _____\s\_____
                                               Gary M. Sidell